**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDDIE KING, | CASE NO. 5:CV 10-04706-EJD |
| Plaintiff(s), | **ORDER DENYING DEFENDANTS' REQUEST FOR PLAINTIFFS TO FILE ORIGINAL DISCOVERY** |
| v. | |
| SAM HOLDINGS, LLC., ET AL., | |
| Defendant(s). | [Re: Docket Item No. 54] |

Presently before the court is a request by Sam Holdings, LLC, Handson Ventures, LLC, Rustin Canyon, LLC and HOV Global Services LTD (collectively, "Defendants") that Eddie King, Debbie King, Billy Ray Pitcher and John W. Maloney (collectively, "Plaintiffs") file the original deposition transcript of Parvinder Singh Chadha for use in connection with Defendants' Motion to Transfer. (See Docket Item No. 54, "Request").

The Request cites no facts, argument, or legal authority for Defendants' position that Mr. Chadha's original deposition transcript must be filed with the court. As a result, the court is left to interpret the Request on its own, and finds it akin to a motion under Federal Rule of Civil Procedure 32(a)(6). Rule 32 governs the general use of depositions in court proceedings and specifically provides that: "If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6).

Defendants apparently take issue with the deposition testimony of Mr. Chadha that was cited

1
CASE NO. 5:CV 10-04706-EJD
ORDER DENYING DEFENDANTS' REQUEST FOR PLAINTIFFS TO FILE ORIGINAL DISCOVERY

by Plaintiffs in their Opposition to Defendants' Motion to Transfer. See Docket Item Nos. 38 and 47. To counter Plaintiffs' use of Mr. Chadha's deposition transcript in this manner, Defendants now request that Plaintiffs file the original transcript with the court. Rule 32(a)(6), however, does not require entire, original deposition transcripts to be lodged with the court. If Defendants wanted the court to consider Mr. Chadha's entire deposition transcript, they should have attached it to their Reply Brief.[1] For these reasons, the court DENIES Defendants' Request for Plaintiffs to File Original Discovery.

**IT IS SO ORDERED.**

Dated: October 11, 2011

EDWARD J. DAVILA
United States District Judge

---

[1] Instead of filing the entire transcript to counter the citations in Plaintiffs' Opposition, Defendants filed their own carefully selected excerpts of Mr. Chadha's deposition, and submitted a declaration by Mr. Chadha.