IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDDIE KING, | CASE NO. 5:CV 10-04706-EJD |
| Plaintiff(s), | **ORDER GRANTING MOTION TO TRANSFER** |
| v. | |
| SAM HOLDINGS, LLC., ET AL., | [Re: Docket Item No. 36] |
| Defendant(s). | |

Defendants Sam Holdings, LLC ("SAM"), Handson Ventures, LLC ("HV"), Rustic Canyon LLC ("RC"), and HOV Global Services LTD ("HOV") (collectively, "Defendants") request an order transferring this action from this court to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, Defendants' Motion To Transfer is GRANTED.[1]

**I. BACKGROUND**

The action arises out of a written Stock Purchase Agreement ("Agreement") wherein Plaintiffs Eddie King, Debbie King, Billy Ray Pitcher, and John W. Maloney (collectively, "Plaintiffs") agreed to sell their ownership interest in Superior Asset Management, Inc., a Georgia debt collection company, to Defendants. (See Mot. to Transfer ("Mot."), Docket Item No. 36.) The negotiations of the terms of the sale occurred in Atlanta, Defendants conducted due diligence in

---

[1] This disposition is not designated for publication in the official reports.

1
CASE NO. 5:CV 10-04706-EJD
ORDER GRANTING MOTION TO TRANSFER

Atlanta, and the Agreement was executed in Georgia. (Id.) Although each of these events occurred in Georgia, the Agreement contains a California choice of law provision, which states: "Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California applicable to agreements made and to be performed entirely within that state, excluding the choice of law rules thereof." (See Agreement, Article 13.09, Docket Item No. 42-3.)

On August 23, 2010, Plaintiffs filed this action against Defendants in the Superior Court of California, County of Santa Clara, alleging breach of contract, fraud, and breach of the covenant of good faith and fair dealing. (See Compl., Docket Item No. 1-1.) Plaintiffs are individuals living in Florida, Texas, and Georgia.[2] (See Compl., Docket Item No. 1-1, ¶¶ 1-4). Defendant SAM is a Nevada corporation with its principal place of business in the Northern District of Georgia. (See Docket Item No. 47, Reply to Plaintiff's Opp'n to Mot. to Transfer ("Reply"), at 8.) The remaining Defendants deny that they are California residents, but do not provide any information as to the location of their businesses or related activities. (See Reply at 8-9; Docket Nos. 6-9.)

On October 19, 2010, Defendants removed the case to this court pursuant to 28 U.S.C. § 1332 because complete diversity existed at the time of Plaintiffs' filing.[3] Nearly one year after removal to this court, Defendants filed the instant motion to transfer the action to the United States District Court for the Northern District of Georgia. (Docket Item No. 36.) Plaintiffs oppose the motion to transfer. (Opposition to Motion to Transfer ("Opp'n"), Docket Item No. 47.)

## II.  LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the Ninth Circuit, a motion for transfer pursuant to § 1404(a) lies within the

---

[2] While the Complaint states that Plaintiff John Maloney is a Georgia resident, he now claims to live in Destin, Florida, with an apartment and business in Atlanta, Georgia.

[3] Defendant SAM moved its principal place of business to Georgia after the filing of this claim. For the purposes of obtaining subject matter jurisdiction, however, diversity is determined by the citizenship of the parties at the time the complaint was filed. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004); Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999). There is no dispute that complete diversity existed at the time of filing.

discretion of the district court and depends on the facts of each particular case. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The court must consider both private factors, which go to the convenience of the parties and witnesses, and public factors, which go to the interests of justice. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiffs choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiffs cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; and (9) the presence of a forum selection clause. Jones, 211 F.3d at 498-99. See Phoenix Solutions, Inc. v. Sony Elecs., Inc., No. CV 07-02112 MHP, 2007 WL 4357602, at *3 (N.D. Cal. Dec. 11, 2007). The moving party bears the burden of showing that transfer is appropriate. Jones, 211 F.3d at 499.

### III. DISCUSSION

Transfer under 28 U.S.C. § 1404(a) is only appropriate if the action could properly have been brought in the transferee venue. 28 U.S.C. § 1404(a). The Northern District of Georgia had subject matter jurisdiction over this dispute based on diversity. 28 U.S.C. § 1332(a). Complete diversity exists in this case because, at the time of filing, the citizenship of all Plaintiffs was diverse from all Defendants. Mot. at 7. Moreover, the amount in controversy far exceeds the minimum jurisdictional requirement of $75,000.00. 28 U.S.C. § 1332(b); Mot. at 7-8. The Northern District of Georgia had personal jurisdiction over the Defendants because they regularly transacted business there, including maintaining offices in Atlanta at all times relevant to this action. Id. Finally, venue was (and is) proper pursuant to 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in Georgia. The negotiations of the terms of the Agreement occurred in Atlanta, Defendants conducted due diligence in Atlanta, and the Agreement was executed in Georgia. Having established that jurisdiction and venue are proper in the Northern District of Georgia, the court proceeds to weigh the interests of convenience and justice to determine whether transfer is appropriate.

### A. Section 1404(a) Considerations

Defendants argue that the Northern District of California is an inconvenient forum for trying this case and that it should be transferred to the Northern District of Georgia. They claim that the only individuals who would find California a more convenient forum are Plaintiffs' attorneys. Plaintiffs contend that this case was filed in California because the agreement required a California venue and Defendants have not made the strong showing of inconvenience necessary for this Court to transfer the case.

#### 1. Convenience of the Parties

Defendants proffer evidence that SAM maintains its principal place of business in the Northern District of Georgia and all Defendants routinely conduct business in the State of Georgia. Although two Defendants allegedly maintain offices in California, none of the Defendants reside in California. According to Defendants, litigation of this action in the Northern District of Georgia will be less time consuming and expensive simply based on the reduction in travel expense required as compared to litigating in California. Mot. at 9.

Plaintiffs argue that their choice of forum weighs heavily against transfer, particularly because they "went out of their way" to file the case in California, which they believed was required under the Agreement. Opp'n at 9. At the same time, Plaintiffs do not show that the Northern District of Georgia is any less convenient for them than the Northern District of California.

Though a plaintiff's choice of forum is generally entitled to deference, that principle does not hold nearly as strongly "where the plaintiff does not reside in the venue or where the forum lacks significant connection to the activities alleged in the complaint." Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing Fabus Corp. v. Asiana Express Corp., No. CV 00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001)). None of the Plaintiffs reside in California. Plaintiffs Eddie and Debbie King reside in Florida, Plaintiff Billy Ray Pitcher resides in Texas, and Plaintiff John Maloney has business in and an apartment in the Northern District of Georgia. Moreover, California lacks a significant connection to the activities alleged in the complaint and counter-complaint; the negotiations of the terms of the sale occurred in Atlanta, Defendants

4

CASE NO. 5:CV 10-04706-EJD
ORDER GRANTING MOTION TO TRANSFER

conducted due diligence in Atlanta, the Agreement was executed in Georgia, and the alleged misrepresentations giving rise to the dispute were made in Georgia.

Contrary to Plaintiffs' claim, the Agreement did not *require* that Plaintiffs file their lawsuit in California. While Article 13.09 of the Agreement provides that California law governs the Agreement, it contains no forum selection language.[4] Although the court appreciates Plaintiffs efforts to select an appropriate forum, those efforts do not take precedence over the availability of a more convenient forum. This is particularly true here, where there was no agreement to a California venue and no parties reside in California. On the whole, the Northern District of Georgia is a more convenient forum for the parties.

2. <u>Convenience of the Witnesses</u>

Defendants claim that the majority of witnesses, both party and non-party, reside much closer to Georgia than California, and the key non-party witness is an Atlanta resident. Plaintiffs contend that more witnesses reside in California than anywhere else, and the most important witness resides in California.

The court finds that the Northern District of Georgia is more convenient for most of the 27 witnesses identified through Initial Disclosures. The majority of potential witnesses reside in Southern or Eastern states. Three of those witnesses reside in or have a home in Georgia.

Defendants argue that Mr. Peter Grossman, a resident of Atlanta, Georgia, is the key non-party witness in this action. As a non-party witness, his convenience is a more important factor than the convenience of party witnesses. See <u>Morris v. Safeco Ins. Co.</u>, No. CV 07-2890 PJH, 2008 WL 5273719, at *3 (N.D. Cal. Dec. 18, 2008) (quoting <u>Saleh v. Titan Corp.</u>, 361 F. Supp. 2d 1152 1160 (S.D. Cal. 2005)). It is Defendant's position that Georgia is a more convenient forum for Mr. Grossman than California, particularly because he was recently hospitalized for an illness, and

---

[4] The court does not consider the Letter of Intent ("LOI") to be part of the parties' Agreement. The LOI was stamped "Draft" and is unsigned. (<u>See</u> Docket Item No. 42-2.) As such, it fails to evidence any agreement by the parties regarding the proper venue for litigation. <u>Id.</u> at 6. Additionally, Article 13.07 of the Agreement contains an express merger clause which makes it clear that the Agreement automatically supersedes any provisions contained in the LOI unless needed to clarify an otherwise ambiguous term. Since the Agreement is silent as to choice of forum, there is no ambiguity and the LOI has no application here.

5
CASE NO. 5:CV 10-04706-EJD
ORDER GRANTING MOTION TO TRANSFER

should this happen again prior to trial, it would be more convenient for Mr. Grossman to travel to the Northern District of Georgia. Reply at 12-13. In response, Plaintiffs proffer a declaration by Mr. Grossman that he is willing to testify at trial in California and will abide by any trial subpoenas he receives from Plaintiffs or Defendants. Opp'n at 13. Taking into consideration all of these arguments, the court finds that Georgia is a more convenient forum for Mr. Grossman. Accordingly, the convenience of Mr. Grossman, the key non-party witness, weighs in favor of transfer.

Plaintiffs point to the five witnesses who live in California as reason to deny transfer. In particular, Plaintiffs argue that one of those individuals, Mr. Par Chadha, is the most important witness in the case. But Plaintiffs do not address the fact that all five California witnesses are non-party *employee* witnesses, whom the party-employer can compel to testify. "In balancing the convenience of the witnesses, a court discounts any inconvenience to the parties' employees because the parties can compel such witnesses to testify without subpoena." Bloom v. Express Servs. Inc., No. CV 11-00009 CRB, 2011 WL 1481402, *3 (N.D. Cal. Apr. 19, 2011); Skyriver Techn. Solutions, LLC v. OCLC Online Computer Library Ctr., Inc., No. CV 10-03305 JSW, 2010 WL 4366127, at *3 (N.D. Cal. Oct. 28, 2010) (Noting that "the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum"). Considering that all of the California witnesses can be compelled to testify in Georgia, these witnesses are properly discounted in balancing the convenience of witnesses.

Because the majority of witnesses, including the key non-party witness, reside in the Southeastern states, it would be far more convenient for them to testify in Georgia rather than California. The convenience of witnesses, therefore, weighs heavily in favor of transferring to the Northern District of Georgia.

3. Interest of Justice

The final factor the court must balance is the "interest of justice," which includes multiple factors. See Phoenix Solutions, Inc., 2007 WL 4357602, at *3 ; Jones, 211 F.3d at 498-99. The court agrees with Defendants that transferring this action to the Northern District of Georgia best serves the interest of justice.

6

CASE NO. 5:CV 10-04706-EJD
ORDER GRANTING MOTION TO TRANSFER

An evaluation of the relative ease of access to sources of proof slightly favors transfer. Most relevant documents have already been produced and their authenticity admitted, which means there may be little need for the originals located in Atlanta, Georgia. However, additional documents may be discovered in Defendants' related Northern District of Georgia case against Mr. Grossman, which could result in even more sources of proof at trial in Atlanta, Georgia. The court finds that a Northern District of Georgia forum would provide greater ease of access to sources of proof in this case because all of the original documents are stored in Defendants' Atlanta office, and there may be additional discovery that arises from the related case in Atlanta, Georgia.

On the issue of the availability of compulsory process for attendance of unwilling, and the cost of obtaining willing witnesses, the Court's analysis in Part III.A.2 applies with equal force. The cost and difficulty in obtaining attendance of witnesses would be much higher in the Northern District of California than in the Northern District of Georgia. Defendants contend that they will likely have to compel Mr. Grossman to appear at trial, which will be impossible if this case remains in the Northern District of California. Defendants argue that their case will be prejudiced if they are unable to present live testimony of this key witness. Because Mr. Grossman could not be compelled to appear in the Northern District of California, this factor strongly militates in favor of transfer.

The interest in having the trial in a forum at home with the governing law is a neutral factor in favor of neither forum. The Agreement in this dispute is governed by California law. But Plaintiffs' breach of contract claims are not so complex or unclear that they require the case to be heard in California; it will not be difficult for a Georgia court to apply California law. Accordingly, this factor does not weigh in favor of either forum here.

The interest in having localized controversies decided at home weighs more heavily in favor of Atlanta, Georgia. While the Agreement is governed by California law, few of the contacts relating to this action are based in California; the actual dispute arises out of negotiations and agreements that were effectuated in Atlanta, Georgia. The only Defendant that is a signatory to the Agreement operates in the Northern District of Georgia. Thus, Georgia has a strong local interest in resolving contract disputes and alleged fraudulent acts that occur in Georgia and involve Georgia

7

1  residents and businesses. The unfairness of burdening citizens in an unrelated forum with jury duty
2  weighs in favor of transferring this case from California to the Northern District of Georgia.

3  Finally, there is a possibility of achieving greater judicial economy by transferring this claim
4  to the Northern District of Georgia, which weighs in favor of transfer. There is a case pending in the
5  Northern District of Georgia involving the subject matter of Mr. Grossman's alleged improper
6  communications with John Maloney, a Plaintiff in this action.[5] Plaintiffs argue that the Georgia case
7  is unrelated because the alleged misconduct involves communications occurring after the Agreement
8  was signed. Defendants offer evidence, however, that the substance of the communications between
9  Mr. Grossman and Plaintiff John Maloney involve Superior's financial condition, revenue, and
10 business from the Closing date of the Agreement in October 2006 until Mr. Grossman's termination
11 in 2011. Reply at 16-17; Docket Item No. 36. Defendants argue that these two cases will involve
12 overlapping evidence, witnesses, and subject matter. Reply at 17. For these reasons, the court finds
13 that judicial economy weighs in favor of transfer. See Hoefer v. Dept. of Commerce, No. CV 00-
14 0918 VRW, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000).

15 The Section 1404(a) interests strongly weigh in favor of transfer to the Northern District of
16 Georgia. The only interest served by trying the case in California is that a California district court
17 will be more at home with the claims governed by California law. The Court does not find,
18 however, that these claims are so complex or unclear that they should be tried in California. The
19 Defendants have made a strong showing of inconvenience in this case. Furthermore, the Court finds
20 that Plaintiff's choice of forum deserves only minimal consideration because Plaintiffs do not reside
21 in California and very few of the operative facts occurred here.
22 ///
23 ///
24 ///

---

[5]  See Docket Item No. 47-1, HOVG, LLC dba Bay Area Credit Service, LLC, et al. v. Peter Grossman, Case No. 1:11-CV-0095-AT.

8
CASE NO. 5:CV 10-04706-EJD
ORDER GRANTING MOTION TO TRANSFER

## IV. CONCLUSION

Based on the foregoing analysis, Defendants' motion to transfer venue to the Northern District of Georgia is GRANTED.

**IT IS SO ORDERED.**

Dated: October 18, 2011

EDWARD J. DAVILA
United States District Judge